JON M. SANDS
Federal Public Defender
**ELENA M. KAY** #026391
**PETER A. MATIATOS #** 013952
Assistant Federal Public Defenders
407 W. Congress St., Suite 501
Tucson, AZ 85701
Tel. 520-879-7500
Elena_M_Kay@fd.org
Peter_Matiatos@fd.org
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** <br><br> **Plaintiff,** <br><br> v. <br><br> **Deeno Jackson,** <br><br> **Defendant.** | CR25-02403-TUC-RM (LCK) <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** |

Mr. Jackson ("Deeno") asks the court to consider a sentence of 12 months and 1 day versus the 21-month prison term recommended by U.S. Probation.  This request is based on Deeno's limited role in this offense, lack of criminal history, family support, acceptance of responsibility, and collateral immigration consequences.

I.       **A variance is appropriate in light of Deeno's humble background.**

Deeno is 27 years old and was raised in Montego Bay, Jamaica by his parents.  The family struggled financially and, for many years, lived in what was effectively a 1-room shack with a concrete floor.  Eventually, Deeno's parents were able to save enough to build a small 2-bedroom home and Deeno was able to share a bedroom with his older brother.

Through hard work and perseverance, Deeno was able to start college, but his plans were derailed when his parents, Erica and Carltie, divorced.  Carltie did not provide Erica

with any financial support after the divorce and Deeno was tasked with helping both of his parents make ends meet.  Eventually, Deeno was forced to drop out of college and start working a series of low paying jobs to help with family bills and other expenses.

Prior to his arrest, Deeno lived with his mother, his partner Nylia, and his 6-year-old daughter, Azania.  When Azania was born, she suffered from leg issues.  Deeno and Nylia took Azania to Jamaican hospitals for treatment, which was extremely costly.  Azania is currently doing well, but her medical expenses have proven extremely stressful for the Jackson family, and the financial aftermath continues to this day.

Deeno is an involved and active parent to Azania.  Deeno has always been very close to Azania, and he made every effort to provide her the things he did not have while a child.  Since Deeno's incarceration, Azania has struggled without her father's presence, and Deeno looks forward to returning home to help provide for his family again.

II.   **A variance is also appropriate because Deeno's role in this offense was low-level, he has no prior criminal history, and he will lose his ability to enter the United States as a result of this conviction.**

This case involves multiple victims who were convinced by various co-conspirators that they had won the lottery or some other financial prize.  The victims were then induced to send money to various co-conspirators to prepay taxes or related expenses.

Deeno received money from Arizona victim, JP.  The sum Deeno received, however, was much less than the total amount taken from JP or any other victim.  Moreover, it is clear from the disclosure that Deeno received the money at the behest of other, higher level, co-conspirators.  Without taking away from Deeno's responsibility in this case, the Court

should consider his low-level of participation in the larger scheme as a reason for a variance.

As the PSR notes, Deeno has no prior criminal history.  This is Deeno's only conviction and this is the first time he has been incarcerated.  In addition, as a result of this conviction Deeno faces an additional collateral consequence that other defendants do not face – he will be deported and never allowed to return to the United States.

III.   **Conclusion.**

Deeno is young immature man who stupidly became involved in a scheme to make easy money.  Deeno regrets his involvement in this offense and wishes he could undo the decisions he made and the consequences his actions caused to the victims.

For all of the reasons articulated above, Deeno asks the Court to impose a sentence of 12 months and a day in this case.

**RESPECTFULLY SUBMITTED:** January 8, 2026.

JON M. SANDS
Federal Public Defender

/s/ *Elena M. Kay*
ELENA M. KAY
Assistant Federal Public Defender

/s/ *Peter A. Matiatos*
PETER A. MATIATOS
Assistant Federal Public Defender

3